UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA SANTOS,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 13-01442-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On August 22, 2013, Paula Santos ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability and Disability Insurance benefits and for Supplemental Security Income benefits. The Commissioner filed an Answer on December 23, 2013. On March 25, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 51-year-old female who applied for Social Security Disability and Disability Insurance benefits on June 23, 2010 and Supplemental Security Income benefits on June 17, 2010, alleging disability beginning May 7, 2010. (AR 21.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 7, 2010, the alleged onset date. (AR 24.)

Plaintiff's claims were denied initially on August 18, 2010. (AR 21.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Troy Silva on October 24, 2011, in Moreno Valley, California. (AR 21.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 21.) Vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing. (AR 21.)

The ALJ issued an unfavorable decision on December 16, 2011. (AR 21-37.) The Appeals Council denied review on June 26, 2013. (AR 1-4.)[1]

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

    1.    Whether the ALJ provided adequate reasons for rejecting the medical opinions of record.

    2.    Whether the ALJ provided clear and convincing reasons for rejecting Paula Santo's testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan,

---

[1] Claimant was found to be not disabled in a final decision by ALJ Sharilyn Hopson dated May 6, 2010 (AR 134-143), based on prior applications for a period of Disability, Disability Insurance Benefits, and Supplemental Security Income filed on May 23, 2008. (AR 21.) In the prior decision, the claimant was found not disabled because the Claimant was capable of performing past relevant work. (AR 21.) Claimant did not challenge that determination.

924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

3

746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since May 7, 2010, the alleged onset date. (AR 24.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: fibromyalgia; carpal tunnel syndrome; degenerative disc disease of the neck and back; chronic obstructive pulmonary disease (COPD); asthma; affective mood disorder, not otherwise specified with bipolar features; anxiety disorder, not otherwise specified; and somatoform disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24-25.)

The ALJ then found that Plaintiff has the RFC to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for six hours in an eight-hour workday. She requires the use of a cane as needed. She has no restrictions on sitting. She can perform fine and gross manipulation on a frequent basis. She can climb stairs, but cannot climb ropes, ladders, or scaffolds. She must avoid concentrated exposure to dust, chemicals or fumes, extreme cold or heat, wetness, and humidity. She cannot work around hazardous machinery or at heights. She is limited to performing moderately complex tasks up to five-step instructions in a habituated work setting. She cannot perform safety operations.

(AR 26-35.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 28.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a cashier. (AR 35-37.) The ALJ, however, also found that considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including receptionist, furniture rental consultant and cashier. (AR 36-37.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 37.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's subjective symptom testimony.

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. THERE IS A PRESUMPTION OF CONTINUING NONDISABILITY

Before addressing the merits of Plaintiff's claims, the Court must address a threshold issue raised by Plaintiff. There was a prior-related case that resulted in an unfavorable decision on May 6, 2010 that was not challenged. (AR 21.) Claimant was found not disabled because she was found capable of performing past relevant work. (AR 21.) Accordingly, there is a rebuttable presumption of continuing nondisability as to the unadjudicated period under the current applications for a period of disability, disability insurance benefits and supplemental security income, based on Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988) and Acquiescence Ruling AR 97-4(9). (AR 21.) To rebut this presumption, Plaintiff must show a changed circumstance material to the determination of disability. (AR 21.) If the presumption is not rebutted, res judicata will apply. (AR 21.)

In her reply brief, Plaintiff raised for the first time the contention that Chavez' presumption of continuing nondisability is no longer a valid rationale in view of the recent 9th Circuit decision in Garfias-Rodriguez v. Holder, 702 F.3d 504, 512-13 (9th Cir. 2012) (en banc). Garfias held that the Court will defer to an agency's interpretation of an

ambiguous statute. Plaintiff reasons that the Commissioner no longer needs to acquiesce to Chavez and that she should have received a de novo review. Because the Commissioner did not have an opportunity to address Plaintiff's contention, the Court issued an order permitting the Commissioner to file a supplemental brief and also permitting Plaintiff to reply to the Commissioner's supplemental brief. The Commissioner filed a Supplemental Reply to which Plaintiff did not respond.

The Ninth Circuit has not reversed Chavez and until it does this Court is obliged to follow it. Garfias was not a Social Security case and the Ninth Circuit has continued to cite Chavez in Social Security cases since the Garfias decision. See Thornsberry v. Colvin, ___ Fed. Appx. ___ (9th Cir. 2014) (holding Garfias not applicable because no issue of deference presented under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984)); Alekseyevets v. Colvin, 524 Fed. Appx. 341, 344 (9th Cir. 2013). So have district courts. See Sheiman v. Colvin, 2013 WL 5353047*2 (D. Ariz.). One expressly declined to declare Chavez "dead." Buzenes v. Colvin, 2013 WL 6195723*3-*4 (C.D. Cal.). The Commissioner, moreover, does not seek reconsideration and reversal of Chavez and has not withdrawn AR 97-4(9), which has been in effect for the last 17 years. As with Thornsberry, Chevron deference is not an issue in this case. Thus, until the Ninth Circuit instructs otherwise, the Court must continue to apply Chavez and AR 97-4(9).

As the Ninth Circuit has explained, moreover, the Chavez presumption does not preclude a subsequent ALJ from considering new medical information and updating or revising a claimant's RFC. Alekseyevets, 524 Fed. Appx. at 344; Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173 (9th Ar. 2008). Here, the ALJ fully considered new and material medical information bearing on the unadjudicated period at issue (May 6, 2010 to December 16, 2011) that was not presented to nor considered in the prior ALJ decision. The ALJ found no showing of changed circumstances or worsening of Plaintiff's physical and mental impairments or limitations. Because the presumption of

continuing nondisability was not rebutted, the ALJ adopted the findings of the prior ALJ decision. (AR 21.)

## II. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ improperly rejected the medical opinions and RFC assessments of State agency mental medical consultants and Plaintiff's treating psychiatrist, Dr. Alters. Plaintiff also contends that she has a new impairment of the shoulder not considered in the prior ALJ decision that renders her disabled. The Court disagrees with Plaintiff's contentions.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not

inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.  Analysis**

With regard to Plaintiff's mental impairments, the ALJ continued to find that Claimant has affective mood disorder with bipolar features, anxiety disorder and somatoform disorder. (AR 24, 136.) The ALJ continued to find Plaintiff had mild difficulties in activities of daily living and social functioning, and moderate difficulties in concentration, persistence and pace. (AR 25, 137.) The ALJ continued to find that

Plaintiff is "limited to performing moderately complex tasks up to five-step instructions in a habituated work setting." (AR 26, 138.)

The ALJ reviewed and rejected new medical evidence inconsistent with both his and the prior decision's RFC. (AR 34.) State agency mental medical consultant Dr. Loomis assessed Claimant with moderate difficulties in social functioning, and limited her to "simple one to two step tasks." (AR 34, 373-383, 384-386.) The ALJ discounted Dr. Loomis' opinions because they were on checklist questionnaire forms without any substantive explanation of the basis for these opinions. Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ may reject physician's opinion where treatment notes provide no basis for the functional restrictions assessed); Valentine v. Comm'r of Soc. Sec. Adm., 574 F.3d 685, 692-93 (9th Cir. 2009). Similarly, the ALJ rejected the opinion of Dr. Alters (AR 440-469) who opined Claimant could not complete a 40 hour work week without decompensating (AR 33-34) because Dr. Alters' opinion was "quite conclusory, providing very little explanation of the evidence relied on in forming that opinion" and was done in a checklist format with only conclusions. (AR 34.) The ALJ found Dr. Alters' opinion to have no probative value because no objective evidence supports it. (AR 34.)

Plaintiff disputes the ALJ's rejection of the above physicians' opinions but offers no meaningful reason to challenge the ALJ's findings. The ALJ after all is the one who has the responsibility for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the medical evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff contends that, with the rejection of the opinions of Dr. Alters and the State mental consultants, there is no psychological opinion in the record and the ALJ had a duty to develop the record by ordering a consulting psychological opinion. This contention overlooks the Chavez presumption of continuing nondisability. The ALJ specifically invoked the mental RFC of the prior ALJ decision (AR 34) which cites the

1  opinion of Dr. Malancharuvil that Plaintiff could perform moderately complex tasks with 5
2  step instructions. (AR 141.) There was no duty to develop the record further. The ALJ
3  properly relied on Dr. Malancharuvil's mental RFC which is inconsistent with Dr. Loomis'
4  limitation to simple one and two step tasks and with any contention that Plaintiff cannot
5  perform Reasoning Level 3 jobs.
6        In her reply brief, Plaintiff raised for the first time the contention that she has
7  severe shoulder limitations (AR 510-513) that did not exist at the time of the prior ALJ
8  decision, which would be a changed circumstance rebutting the Chavez presumption of
9  continuing nondisability. The ALJ, however, conducted a thorough review of Plaintiff's
10 diagnosed impairment of right shoulder bursitis. (AR 31.) He found the impairment
11 "causes only a slight abnormality that would have no more than a minimal effect on her
12 ability to work," and is nonsevere. (AR 24.) Claimant had tenderness over her anterior
13 bursa but otherwise had good strength and function distally to the shoulder. (AR 31.) X-
14 ray imaging was unremarkable, and Plaintiff received medication and a sling, and was
15 discharged. (AR 31.) Surgery was never discussed for her right shoulder. (AR 27.) No
16 medical source statement suggested more restrictive physical limitations than those in
17 the assessed RFC. (AR 32.) Additionally, Ms. Santos stated that she had experienced
18 pain in her right shoulder only "for the past four months." (AR 27.) As the ALJ noted,
19 there is no objective evidence that this condition has lasted or can be expected to last for
20 a continuous period of not less than 12 months, as required. Tidwell v. Apfel, 161 F.3d
21 599, 601-02 (9th Cir. 1989). The medical evidence does not show a changed
22 circumstance material to the determination of disability to rebut the presumption of
23 continuing nondisability.[2]

---

25     [2] Plaintiff complains that the ALJ relied on Dr. Sohn's checklist questionnaire which should
26 have been disregarded like the opinions of Dr. Alters and Dr. Loomis. Dr. Sohn, however, noted there was "no material change" from the ALJ decision dated May 6, 2010 which is supported by
27 a two page analysis. Even disregarding Dr. Sohn's report, the emergency room medical evidence (AR 430-436) dated after Dr. Sohn's report is consistent with the ALJ's non-severity determination
28 and there is no medical source statement suggesting physical functional limitations beyond those

The ALJ properly considered the medical evidence.

### III. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff contends that the ALJ improperly discounted her subjective symptom testimony. The Court disagrees.

#### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

#### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments could be expected to cause her alleged symptoms. (AR 30.) The ALJ, however, also found that Plaintiff's statements regarding the intensity,

---

in the RFC. As a result, the prior decision RFC remained the same. (AR 26, 137-138.)

persistence and limiting effects of these symptoms were not credible to the extent inconsistent with the ALJ's assessed RFC. (AR 30, 28.) The Court also notes that the ALJ in the prior hearing also made an adverse credibility determination for the period adjudicated in that decision. Because the ALJ in the current case did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that Plaintiff's pain allegations were inconsistent with and greater than expected in light of the objective medical evidence, which indicates an attempt by the Claimant to exaggerate the severity of her symptoms. (AR 28.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms in evaluating credibility as long as it is not the only reason for discounting credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ specifically found that the objective medical evidence does not reflect any worsening of symptoms and impairments but rather demonstrates that Plaintiff's symptoms are unchanged or even lessened. (AR 28.) As a result, the ALJ found Claimant's credibility diminished by the lack of objective evidence to establish an alleged worsening of her condition. (AR 29.) Plaintiff also relies on Dr. Alter's findings but the Court has found that the ALJ properly rejected Dr. Alters' opinion. Plaintiff further alleged an inability to act appropriately around others but those subjective statements are not corroborated in the record. (AR 28.)

Second, treatment records reveal the Claimant received routine, conservative and non-emergency treatment since the alleged onset date. (AR 30.) Conservative treatment is a valid basis for discounting subjective symptom testimony. Parra, 481 F.3d at 750-51.

Third, the ALJ found inconsistencies in Plaintiff's testimony and between her testimony and her conduct, which is a valid basis for discounting credibility. Light v. Soc. Sec. Adm., 119 F.3d, 789, 792 (9th Cir. 1997). Despite claims of worsening mental

13

impairments, Plaintiff admitted her symptoms continued with the same frequency and intensity. (AR 32.) She also admitted less ongoing feelings of depression. (AR 33.) There also were gaps in Plaintiff's mental health treatment. Plaintiff's mental health records in 2010 indicated no cognitive deficits and were essentially normal. (AR 32-22, 295-297.) She missed psychiatric appointments, causing her treating psychiatrist to close the case.³ (AR 29.) She received no regular or emergency treatment from October 2010 to June 2011. (AR 29.) The ALJ found that the lack of treatment and missed appointments suggested that Plaintiff's symptoms were not as severe as she contends and also may be an indication that her symptoms are not as severe as she claims. (AR 29.) Also, Plaintiff waited three months before seeking emergency room treatment for her shoulder despite her claims of pain. (AR 27.) Plaintiff may disagree with the ALJ's interpretation of the evidence but it is the ALJ's responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

Fourth, the ALJ found that Plaintiff's daily activities were inconsistent with disability and that Plaintiff appeared to minimize those activities. (AR 29.) Inconsistent daily activities are a legitimate basis for discounting credibility. Bunnell, 947 F.2d at 345-46. Plaintiff claimed her boyfriend did everything for her but in June 2011 she told her counselor that she had no problem with daily functioning and was able to perform daily activities, including cleaning and cooking. (AR 29.) The ALJ found she was exaggerating the severity of her symptoms. (AR 29.) Plaintiff contends these activities are not sufficient evidence she can work but they do suggest that the alleged severity of her limitations was exaggerated. Valentine, 574 F.3d at 694.

---

³ Plaintiff contends her missed appointments were due to transportation problems and a death in the family but records indicate Plaintiff had not been seen at the clinic since June 9, 2009 (AR 339) and she missed an appointment because her daughter came in from Los Angeles. (AR 295.)

The ALJ discounted Plaintiff's credibility regarding the worsening of her condition for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ properly considered the medical evidence and properly discounted Plaintiff's credibility in determining that there were no changed circumstances or worsening of Plaintiff's symptoms or limitations. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: May 6, 2014

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE